IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BRU BOTTLING, INC.,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED NATURAL FOODS, INC.,<br><br>　　　　　　　　　Defendant. | Civil Action<br>No. 1:24-cv-00553-PAS |

**ANSWER**

The Defendant, United Natural Foods, Inc. ("UNFI"), by its undersigned counsel, hereby answers the Complaint as follows:

**"Parties"[1]**

1.　UNFI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.

2.　UNFI admits the allegations of Paragraph 2.

**"Jurisdiction And Venue"**

3.　Paragraph 3 contains legal conclusions to which no response is required; if a response is deemed required, UNFI admits only that this Court has subject matter jurisdiction over this action.

4.　Paragraph 4 contains legal conclusions to which no response is required; if a response is deemed required, UNFI admits only that venue is proper in this judicial district.

---

[1] This Answer quotes the Complaint's headings for reference and convenience of the reader only. UNFI does not admit the truth of any allegations contained in, or any inference that could be drawn from, those headings. To the extent a response is deemed required, UNFI denies any factual allegations therein.

### "Summary Of The Basis For This Lawsuit"

5. UNFI admits the allegations of the first sentence of Paragraph 5. UNFI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 5.

6. UNFI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6.

7. UNFI denies the allegations of Paragraph 7.

### "Facts"

8. UNFI admits the allegations of Paragraph 8.

9. UNFI admits the allegations of Paragraph 9.

10. UNFI admits only that the Parties executed a Supplier Agreement with an effective date of March 16, 2021 (which Plaintiff did not attach to the Complaint), and UNFI refers to the entire Supplier Agreement, as well as UNFI's Supplier Policies & Guidelines (the "Policies"), which are part of the Parties' contract, for their complete contents.

11. UNFI admits only that Paragraph 11 quotes Section 3 of the Supplier Agreement. Answering further, UNFI refers to the entire Supplier Agreement for its complete contents.

12. Paragraph 12 contains legal conclusions to which no response is required; if a response is deemed required, UNFI denies the allegations and instead refers to the entire Supplier Agreement for its complete contents.

13. The first sentence of Paragraph 13 contains legal conclusions to which no response is required; if a response is deemed required, UNFI denies Plaintiff's characterization of the Supplier Agreement and instead refers to the entire Supplier Agreement for its complete

contents. UNFI admits only that the second sentence of Paragraph 13 quotes Section 12.A of the Supplier Agreement.

14. Paragraph 14 contains legal conclusions to which no response is required; if a response is deemed required, UNFI denies Plaintiff's characterization of the Supplier Agreement and instead refers to the entire Supplier Agreement, as well as the Policies, for their complete contents.

15. Paragraph 15 contains legal conclusions to which no response is required; if a response is deemed required, UNFI denies Plaintiff's characterization of the Supplier Agreement and instead refers to the entire Supplier Agreement, as well as the Policies, for their complete contents.

16. Paragraph 16 contains legal conclusions to which no response is required; if a response is deemed required, UNFI denies Plaintiff's characterization of the Supplier Agreement and instead refers to the entire Supplier Agreement, as well as the Policies, for their complete contents.

17. Paragraph 17 contains legal conclusions to which no response is required; if a response is deemed required, UNFI denies Plaintiff's characterization of the Supplier Agreement and instead refers to the entire Supplier Agreement, as well as the Policies, for their complete contents.

18. UNFI denies the allegations of Paragraph 18, except UNFI admits only that, consistent with Sections 5.A.5 and 5.A.8 of the Supplier Agreement, as well as the Policies, UNFI took deductions, also known as "chargebacks," from amounts due to Plaintiff, and that the basis for each deduction taken was set forth in various deduction invoices which were transmitted to Plaintiff.

19. UNFI denies the allegations of Paragraph 19, except UNFI admits only that, consistent with Sections 5.A.5 and 5.A.8 of the Supplier Agreement, as well as the Policies, UNFI took deductions, also known as "chargebacks," from amounts due to Plaintiff, and that the basis for each deduction taken was set forth in various deduction invoices which were transmitted to Plaintiff.

20. With respect to Paragraph 20, UNFI admits only that Section 5.A.3 of the Supplier Agreement requires Plaintiff to invoice "[e]ach delivery" of Product, "and the invoice will include Product description and quantities sold."

21. UNFI denies the allegations of Paragraph 21, except UNFI admits only that, consistent with Sections 5.A.5 and 5.A.8 of the Supplier Agreement, as well as the Policies, UNFI took deductions, also known as "chargebacks," from amounts due to Plaintiff, and that the basis for each deduction taken was set forth in various deduction invoices which were transmitted to Plaintiff.

22. UNFI denies the allegations of Paragraph 22.

23. UNFI denies the allegations of Paragraph 23, including any implication that UNFI was obligated to return products that were subject to loss claims or were otherwise unsalable, except UNFI admits only that under the Supplier Agreement, as well as the Policies, products that are subject to loss claims and/or are otherwise unsalable are not picked up by UNFI, but rather are destroyed at the store level.

24. UNFI denies the allegations of Paragraph 24.

25. UNFI denies the allegations of Paragraph 25.

26. With respect to the allegations of Paragraph 26, UNFI admits only (i) that representatives of UNFI and Plaintiff have communicated with each other concerning the

deductions related to Plaintiff's Products that UNFI sold to its retailer customers; and (ii) that UNFI is in receipt of correspondence from Plaintiff's counsel dated June 24, 2024.

27. With respect to the allegations of Paragraph 27, UNFI admits only (i) that UNFI sent a response to Plaintiff's letter, which was dated July 29, 2024; and (ii) that Paragraph 27 quotes an excerpt of UNFI's July 29 letter. Answering further, UNFI refers to the entire July 29 letter for its complete contents.

28. UNFI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28.

29. UNFI denies the allegations of Paragraph 29.

30. UNFI denies the allegations of Paragraph 30.

31. UNFI denies the allegations of Paragraph 31.

32. UNFI denies the allegations of Paragraph 32.

33. UNFI denies the allegations of Paragraph 33.

34. UNFI denies the allegations of Paragraph 34.

35. UNFI denies the allegations of Paragraph 35.

36. UNFI denies the allegations of Paragraph 36.

37. UNFI denies the allegations of Paragraph 37.

38. UNFI denies the allegations of Paragraph 38.

39. UNFI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39.

40. UNFI denies the allegations of Paragraph 40.

41. UNFI denies the allegations of Paragraph 41.

## COUNT I
### (BREACH OF CONTRACT)

42. UNFI incorporates its answers and averments contained in the foregoing paragraphs 1 through 41 of this Answer as if fully set forth herein.

43. UNFI admits the allegations of Paragraph 43.

44. UNFI denies the allegations of Paragraph 44.

45. UNFI denies the allegations of Paragraph 45.

46. UNFI denies the allegations of Paragraph 46.

47. UNFI denies the allegations of Paragraph 47.

## COUNT II
### (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

48. UNFI incorporates its answers and averments contained in the foregoing paragraphs 1 through 47 of this Answer as if fully set forth herein.

49. UNFI admits the allegations of Paragraph 49.

50. UNFI denies the allegations of Paragraph 50.

51. UNFI denies the allegations of Paragraph 51.

52. UNFI denies the allegations of Paragraph 52.

53. UNFI denies the allegations of Paragraph 53.

## COUNT III
### (UNJUST ENRICHMENT)

54. UNFI incorporates its answers and averments contained in the foregoing paragraphs 1 through 53 of this Answer as if fully set forth herein.

55. UNFI admits the allegations of Paragraph 55.

56. UNFI avers that Plaintiff's failure to specify which "Products" are the subject of Paragraph 56 renders it vague, ambiguous and not susceptible of response, and, on that basis,

UNFI avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations, except UNFI admits only that it received and distributed certain products from Plaintiff.

57. UNFI denies the allegations of Paragraph 57.

58. UNFI denies the allegations of Paragraph 58.

59. UNFI denies the allegations of Paragraph 59.

60. UNFI denies the allegations of Paragraph 60.

61. UNFI denies the allegations of Paragraph 61, including any implication that UNFI owned the products that were subject to loss claims or were otherwise unsalable or that UNFI was obligated to return them, except UNFI admits only that under the parties' Supplier Agreement, as well as the Policies, products that are subject to loss claims and/or are otherwise unsalable are not picked up by UNFI, but destroyed at the store level.

62. UNFI denies the allegations of Paragraph 62.

63. UNFI denies the allegations of Paragraph 63.

64. UNFI denies the allegations of Paragraph 64.

## COUNT IV
## (CONVERSION (FUNDS))

65. UNFI incorporates its answers and averments contained in the foregoing paragraphs 1 through 64 of this Answer as if fully set forth herein.

66. UNFI admits the allegations of Paragraph 66.

67. UNFI avers that Plaintiff's failure to specify which "Products" are the subject of Paragraph 67 renders it vague, ambiguous and not susceptible of response, and, on that basis, UNFI avers that it lacks knowledge or information sufficient to form a belief as to the truth of the

allegations, except UNFI admits only that it received and distributed certain products from Plaintiff.

68. UNFI denies the allegations of Paragraph 68.

69. UNFI denies the allegations of Paragraph 69.

70. UNFI denies the allegations of Paragraph 70.

71. UNFI denies the allegations of Paragraph 71.

72. UNFI denies the allegations of Paragraph 72.

73. UNFI denies the allegations of Paragraph 73.

## COUNT V
## (CONVERSION (PRODUCTS))

74. UNFI incorporates its answers and averments contained in the foregoing paragraphs 1 through 73 of this Answer as if fully set forth herein.

75. UNFI admits the allegations of Paragraph 75.

76. UNFI avers that Plaintiff's failure to specify which "Products" are the subject of Paragraph 76 renders it vague, ambiguous and not susceptible of response, and, on that basis, UNFI avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations, except UNFI admits only that it received and distributed certain products from Plaintiff.

77. UNFI denies the allegations of Paragraph 77, except UNFI admits only that retailers ordered Plaintiff's Products from UNFI.

78. UNFI denies the allegations of Paragraph 78, except UNFI admits only that, consistent with Sections 5.A.5 and 5.A.8 of the Supplier Agreement, as well as the Policies, UNFI took deductions from amounts due to Plaintiff, and that the bases for each deduction taken (including without limitation as a result of removal due to expiration of the shelf life of the

product, the product being shelf worn, or the product being otherwise unsalable) was set forth in various deduction invoices which were transmitted to Plaintiff.

79. UNFI denies the allegations of Paragraph 79.

80. UNFI denies the allegations of Paragraph 80, including any implication that UNFI converted property, UNFI owned the products that were subject to loss claims or were otherwise unsalable, or that UNFI was obligated to return them, except UNFI admits only that under the parties' Supplier Agreement, as well as the Policies, products that are subject to loss claims and/or are otherwise unsalable are not picked up by UNFI, but destroyed at the store level.

81. UNFI denies the allegations of Paragraph 81.

82. UNFI denies the allegations of Paragraph 82.

83. UNFI denies the allegations of Paragraph 83.

84. UNFI denies the allegations of Paragraph 84.

## COUNT VI
## (ACCOUNTING)

85. UNFI incorporates its answers and averments contained in the foregoing paragraphs 1 through 84 of this Answer as if fully set forth herein.

86. UNFI denies the allegations of Paragraph 86.

## GENERAL DENIAL

UNFI further states that any allegations not expressly admitted herein are denied.

## DEFENSES

AND NOW, having answered the Complaint, and without assuming the burden of proof on any issue that would otherwise rest with Plaintiff, UNFI gives notice of its avoidances and defenses as follows:

## FIRST DEFENSE
### (Failure to State a Claim)

This action is barred because the Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE
### (Estoppel, Waiver, Laches, Acquiescence, and/or Ratification)

All or some of Plaintiff's claims are barred by the doctrines of estoppel, waiver, laches, acquiescence, and/or ratification.

## THIRD DEFENSE
### (Consent)

All or some of Plaintiff's claims are barred because Plaintiff consented to all or some of the acts complained of.

## FOURTH DEFENSE
### (Payment)

Plaintiff's claims are barred because Defendant fully paid all amounts that were properly due and owing under the Supplier Agreement and the Policies.

## FIFTH DEFENSE
### (No Damages)

Plaintiff's claims are barred because Plaintiff has not sustained any legally cognizable damages or injuries by virtue of any matter alleged in the Complaint.

## SIXTH DEFENSE
### (Failure to Mitigate Damages)

Plaintiff's claims are barred because Plaintiff has failed to act reasonably to mitigate, minimize or prevent the damages Plaintiff claims to have suffered.

## SEVENTH DEFENSE
### (Setoff and/or Recoupment)

Plaintiff's claims are barred because if Plaintiff has suffered any damages, which is denied, then Plaintiff's damages are subject to set-off and/or recoupment. Section 5.A.5 of the Supplier Agreement

provides: "With the exception of Supplier mis-shipments, UNFI may deduct all Supplier chargebacks at UNFI's wholesale catalogue price.  All appropriate deductions and fees, including, but not limited to, those deductions and fees set forth in the UNFI Supplier Policies and Guidelines will be deducted from UNFI's payment to Supplier.  In the event UNFI cannot deduct amounts due within 30 days, UNFI shall bill Supplier.  Any such amounts shall be due upon receipt of invoice."  On December 13, 2023, UNFI notified Plaintiff that its account with UNFI was in arrears.  UNFI requested payment of the following amounts owed UNFI under the Supplier Agreement: (1) $28,786.90 in deductions that UNFI was unable to process as chargebacks and (2) $10,210 in inventory liabilities.  Plaintiff has failed to pay UNFI these sums due UNFI under the Supplier Agreement and Policies.  As of the date of this Answer, UNFI's books and records indicate that Plaintiff owes UNFI $38,996.90.

## EIGTH DEFENSE
### (No Consequential Damages)

Plaintiff's claims for lost profits or consequential damages are barred, because the Uniform Commercial Code does not authorize the recovery of consequential damages by a seller.

## NINTH DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands.

## TENTH DEFENSE
### (Defendant Met Its Obligations)

Plaintiff's claims are barred because UNFI discharged and satisfied all of its contractual obligations to Plaintiff, including those under the Supplier Agreement and the Policies, and UNFI has not materially breached any contract.

## ELEVENTH DEFENSE
### (Barred by Contract/Contradiction of Written Terms)

Plaintiff's claims are barred by the terms of an enforceable contract between the parties and/or Plaintiff seeks to contradict the express written terms of the Supplier Agreement and the Policies.

## TWELFTH DEFENSE
### (Failure to Plead Misrepresentation with Particularity)

Plaintiff's claims, to the extent they are premised on misrepresentation, are barred for failing to plead the claimed misrepresentation(s) with particularity, as required by Rule 9(b).

## THIRTEENTH DEFENSE
### (Full Disclosure)

All or some of Plaintiff's claims are barred because UNFI disclosed all material facts regarding the Supplier Agreement and the Policies.

## FOURTEENTH DEFENSE
### (No Reliance)

All or some of Plaintiff's claims are barred because Plaintiff did not rely, reasonably or otherwise, on any alleged misrepresentation or omission by UNFI.

## FIFTEENTH DEFENSE
### (No Causation)

If Plaintiff has suffered any damages, which is denied, then any such alleged damages resulted solely from its own acts or omissions and/or the acts or omissions of third persons for whom UNFI is not responsible. The damages allegedly suffered by Plaintiff have no causal relationship with any act committed by UNFI or legally attributable to UNFI.

## SIXTEENTH DEFENSE
### (Economic Loss Doctrine)

All or some of Plaintiff's tort claims are barred by the economic loss doctrine and/or the principle that claims based in contract cannot be recast as claims based in tort.

## SEVENTEENTH DEFENSE
### (Reservation of Rights)

Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves all rights to amend this Answer and all such defenses.

**PRAYER FOR RELIEF**

WHEREFORE, UNFI respectfully requests that the Court:

(a) Enter judgment in favor of UNFI on all of Plaintiff's claims;

(b) Dismiss the Complaint with prejudice;

(c) Award UNFI its costs of suit; and (d) Grant such other and further relief that the Court deems just and proper.

| | |
|---|---|
| Dated:  April 2, 2024 | UNITED NATURAL FOODS, INC. |
| | By Its Attorneys, |
| | /s/ Christopher M. Wildenhain<br>Christian R. Jenner (#7731)<br>Christopher M. Wildenhain (#8619)<br>PARTRIDGE SNOW & HAHN LLP<br>40 Westminster Street, Suite 1100<br>Providence, RI  02903<br>Tel:  (401) 861-8200<br>Fax: (401) 861-8210<br>cjenner@psh.com<br>cwildenhain@psh.com |

4904-0599-0702