UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRU BOTTLING, INC.,                        :
doing business as the Giving Juice,        :
       Plaintiff,                      :
                           :
       v.                              :        C.A. No. 24-553-PAS
                           :
UNITED NATURAL FOODS, INC.,                :
       Defendant.                      :

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

      Now pending before the Court in this consent case (pursuant to 28 U.S.C. § 636(c)) is the motion of Defendant United Natural Foods, Inc. ("UNFI") to strike the jury demand made by Plaintiff Bru Bottling, Inc. ("Bru") in connection with its recent amendment to the complaint. ECF No. 24.  When this case was originally filed, Bru asserted claims arising from or related to the alleged breach of a "Supplier Agreement"[1] between the parties (Counts I-VI) and demanded a jury trial.  ECF No. 1.  Because the operative Supplier Agreement includes a provision (§ 17(G)), which clearly sets out that "the parties hereto hereby irrevocably waive any and all right to trial by jury in any legal proceeding <u>arising out of or related to</u> this agreement or the transactions contemplated hereby," ECF No. 21-2 at 10 (emphasis added) (capitals omitted), Bru withdrew its original jury demand, ECF No. 10, and consented to a bench trial on all six Counts, which the Court scheduled for September 2026.  However, on February 19, 2026, Bru filed its First Amended Complaint ("FAC").  ECF No. 22.  The FAC adds a new defamation claim (Count VII) and makes a new jury demand applicable only to the new Count.[2]

---

[1] The Supplier Agreement is referenced in the First Amended Complaint.  ECF No. 22 ¶ 10.  The Supplier Agreement itself is attached to and authenticated by a declaration from UNFI's counsel.  ECF Nos. 21-1, 21-2.  Bru does not dispute the authenticity of this version of the Supplier Agreement.

[2] In its opposition to the motion to strike, Bru confirmed that the new jury demand applies only to the "tortious [defamation] conduct which occurred after the termination of the Supplier Agreement."  ECF No. 25 at 1.

Arguing that the jury waiver in the Supplier Agreement applies also to the new defamation claim because it too arises out of and/or relates to the Supplier Agreement and/or transactions that the Supplier Agreement contemplated, UNFI has moved to strike.[3]  ECF No. 24. UNFI alternatively argues waiver by litigation conduct based on Bru's acquiescence to the jury waiver and agreement to a bench trial as applicable to Counts I to VI.  Id.  Bru objects; while it accepted the jury trial waiver as a knowing and voluntary agreement binding it with respect to its breach of contract claims, it asserts that it did not clearly and unequivocally waive its right to a jury trial as to tort claims based on UNFI's post-relationship defamation.  See ECF No. 25.

## I.    Background

Count VII, the new defamation claim, alleges that, "[u]pon the end of [the parties'] relationship," and "[a]fter [the parties'] relationship ended," UNFI defamed Bru.  ECF No. 22 ¶¶ 89, 95.  The alleged defamation consists of false communications with at least two retailers with whom Bru's products had been placed by UNFI pursuant to the Supplier Agreement.  Id. ¶¶ 89-102.  Bru contends that these were communications regarding "[Bru's] performance under the Supplier Agreement," ECF No. 25 at 3, to undermine Bru's attempts to continue the placement of its products through alternative distribution means.  ECF No. 22 ¶¶ 94, 99.  Specifically, UNFI told these retailers that, in connection with the Supplier Agreement, Bru had stopped communicating with UNFI; that Bru still owed money to UNFI; that UNFI did not believe Bru could succeed on its own (without a Supplier Agreement with UNFI) through the use of an alternative distribution means; and that UNFI experienced "out-of-stock[]" lost sales and took "a

---

[3] UNFI's argument that the contractual jury waiver applies equally to the new defamation claims as it does to the breach of contract claims was originally asserted as a futility argument in opposition to Bru's motion to amend. ECF No. 21 at 2, 9-13.  In granting the motion to amend, the Court clarified that it was not ruling – one way or the other – on UNFI's futility arguments, leaving UNFI free to assert them based on a more developed record in a motion to strike or to dismiss.  Text Order of Feb. 18, 2026.

lot of lost sales" during its contractual relationship with Bru. Id. ¶¶ 91, 96 (internal quotation marks omitted). Due to these defamatory statements, Bru alleges that these retailers discontinued its products. Id. ¶¶ 93, 102. As far as is revealed in the record before the Court, the Supplier Agreement in issue is the sole source of the relationship between these parties.

Pleading on information and belief, that is, with no factual support for the contentions, the new defamation claim also alleges that UNFI's purpose in defaming Bru was to "blacklist" it as a supplier that "d[id] not comply with all of [UNFI's] business practices without question . . . to ensure that [BRU] is left with no other means to get its product into retailers that [UNFI] distributes to." Id. ¶ 99. Relatedly, Count VII of the FAC includes the conclusory allegation that, through this conduct, UNFI creates a monopoly over channels of distribution for small product suppliers like Bru. Id. ¶ 100.[4]

The Supplier Agreement provides that its "interpretation and construction" will be governed by the law of Delaware. ECF No. 21-2 at 9.

## II.    Standard of Review

Rule 39(a) of the Federal Rules of Civil Procedure provides for trial by jury on demand unless the court finds that, on some or all of the claims in issue, there is no federal right to a jury trial. Because a civil jury trial is a fundamental right grounded in the Seventh Amendment of the Constitution, "courts indulge every reasonable presumption against waiver" of the right. Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 393 (1937). For example, a trial court's inference of waiver based on the parties' request for peremptory instructions was rejected by the Supreme Court because it was based on an insufficient foundation. Id. at 393-94. This is because "federal

---

[4] In addition to pointing out that the allegations of "blacklist[ing]" and "monopol[ization]" are conclusory and pled on information and belief, UNFI objected to them as pejorative and gratuitous (unnecessary to state the claim of defamation). ECF No. 21 at 7, 9.

policy favoring jury trials is of historic and continuing strength." Simler v. Conner, 372 U.S. 221, 222 (1963) (per curiam).

A motion to strike is a legally appropriate vehicle for a party to challenge another party's demand for a jury trial. See KIT-USA, Inc. v. PayByClick Corp., Civil No. 13-13280-FDS, 2014 WL 2945863, at *4 n.2 (D. Mass. June 27, 2014). The burden on a motion to strike is generally considered to be on the moving party. See DeliverMed Holdings, LLC v. Medicate Pharmacy, Inc., Nos. 10-cv-684-JPG-DGW, 10-cv-685-JPG-DGW, 2012 WL 345380, at *2 (S.D. Ill. Feb. 1, 2012); Berke v. Presstek, Inc., 188 F.R.D. 179, 180 (D.N.H. 1998). Thus, although the First Circuit has not yet clearly held which party bears the burden of proving that a contractual jury waiver is knowing and voluntary,[5] it has acknowledged that a district court within the Circuit has held that the party seeking to enforce the waiver has the burden. Med. Air Tech. Corp. v. Marwan Inv., Inc., 303 F.3d 11, 18 n.3 (1st Cir. 2002); Doegler v. JP Morgan Chase Bank, N.A., Civil No. 21-11042-AK, 2024 WL 38743, at *2 n.3 (D. Mass. Jan. 3, 2024). Based on the foregoing, and without determining the issue, the Court has proceeded on the assumption that UNFI bears the burden as the moving party. As to the applicable standard of review, the Court has been guided by Manzo v. Wohlstadter, ___ F.4th ___, No. 25-1304, 2026 WL 809158, at *1 (1st Cir. Mar. 24, 2026), which holds that the determination of the scope of a forum selection clause was appropriately made based on the familiar "standard of review for failure to state a claim," taking as given the well-pleaded facts alleged in the complaint and "draw[ing] all reasonable inferences therefrom" in the non-movant's favor. Id. Based on Manzo, as well as because UNFI has not disputed the well-pled facts on which Bru relies for

_____

[5] In light of its acquiescence to the applicability of the jury trial waiver to its claims directly based on breach of the Supplier Agreement, Bru does not contend that the jury trial waiver in the Supplier Agreement was not knowing and voluntary. It contends only that the scope of the waiver does not encompass its defamation claims.

purposes of this motion, the Court has taken Bru's well-pled factual allegations in the FAC as true and drawn inferences from them in Bru's favor.

As to choice of law, the Court's starting point is the well-settled principle that, "[i]n a diversity suit, the enforcement of a jury waiver is a question of federal, not state, law." Med. Air Tech. Corp., 303 F.3d at 18. However, when (as here) the waiver is based on a contractual provision, courts generally "look to the plain language of the contract's jury waiver to determine whether it unambiguously covers the claims asserted." Id. at 19. In such circumstances, construction of the contractual provision constituting the waiver remains a question of state law. Id. at 18-19 (applying Massachusetts contract law to construction of scope of contractual jury waiver).

III.     **Applicable Law**

Pursuant to Delaware law, which the Supplier Agreement sets up as applicable to its interpretation and construction, when a contractual waiver is unambiguous, "jury trial waivers are routinely enforced, and broadly worded waivers are interpreted broadly, according to their plain meaning." DTN, LLC v. Pioneer Hi-Bred Int'l, Inc., Civil Action No. 18-384-LPS, 2018 WL 5961083, at *1 (D. Del. Nov. 14, 2018). Further, Delaware law confirms that the plain meaning of the phrases used in the Supplier Agreement – "relating to" and "arising out of" a contract – is "paradigmatically broad." Lillis v. AT&T Corp., 904 A.2d 325, 331 (Del. Ch. 2006) (internal quotation marks omitted). Indeed, Delaware courts interpret the phrase "related to" as even more broad than "arising out of" in that it covers "any issues that touch on contract rights or contract performance."[6] Fla. Chem. Co., LLC v. Flotek Indus., Inc., 262 A.3d 1066,

---

[6] In Manzo, the First Circuit dealt with the interpretation of a forum selection of Delaware for claims "arising out of" the contract in issue; the Manzo contract did not also include the phrase "related to." Manzo, 2026 WL 809158, at *2 (internal quotation marks omitted). Manzo considered but declined to decide whether the phrase "arising out of," standing alone, should be interpreted narrowly as covering only breach of contract claims and not non-contractual claims such as fraud and misrepresentation. Id. at *2-3. Instead, the Court focused on the claimants' complaint, which described the non-contractual claims as "aris[ing] under" the Securities Exchange Act with the contract in

1082-1083 (Del. Ch. 2021) (internal quotation marks omitted) (interpreting forum selection clause).  Based on the breadth of these terms, Delaware law provides that they encompass not only breach of contract claims but also tort claims based on post-agreement defamatory statements regarding a party's contractual performance.  Cytotheryx, Inc. v. Castle Creek Biosciences, Inc., C.A. No. 2023-1142-PAW, 2025 WL 3142373, at *4-5 (Del. Ch. Nov. 10, 2025) (applying Delaware law, defamation counterclaim based on post-agreement statements regarding failure to perform is within scope of choice of law provision applicable to "all claims and causes of action based upon, arising out of or in connection" with merger agreement) (internal quotation marks omitted); see Fluor Enters., Inc. v. Mitsubishi Hitachi Power Sys. Americas, Inc., Civil Action No. 3:17cv622, 2019 WL 1620755, at *2-3, *5 (E.D. Va. Apr. 16, 2019) (applying Virginia law, enforcing jury waiver of claims arising out of or relating to contract or transactions "contemplated hereby" as covering defamatory statement related to defendant's performance of contract) (internal quotation marks omitted) (capitals omitted); Tecnimont S.p.A. v. Holtec Int'l, Civil Action No. 1:17-5167 (JBS/KMW), 2018 WL 3854797, at *4-6 (D.N.J. Aug. 13, 2018) (interpreting scope of arbitration agreement governed by international law; finding that "it is abundantly clear" that claims of defamation and tortious interference based on extracontractual statements made after parties' relationship ended regarding plaintiff's failure to perform "arise from" contractual relationship in issue) (internal quotation marks omitted).  Consistently, in applying Rhode Island law, this Court has enforced a jury waiver that was written in broad, clear and definite language appropriately displayed in

---

issue designated as the requisite security and which was clear that the contract was central to the non-contractual claims.  Id. at *3 (internal quotation marks omitted) (alteration in original).  In this case, the Supplier Agreement's linkage of "arising out of" with "related to" eliminates the need for this Court to give serious attention to the potentially narrower interpretation considered but not adopted in Manzo.  See id. at *2-3.  Further, as in Manzo, Bru's FAC is clear that the parties' contractual relationship was central to the defamation that allegedly followed its termination.

commercial loan guaranty contracts despite the unresolved contention that the contracts in which the jury waiver was contained had become null and void due to subsequent events. Connecticut Nat. Bank v. Smith, 826 F. Supp. 57, 61 (D.R.I. 1993).

While not controlling, the Court finds instructive the decision of the Middle District of Florida in Pucci v. Bank of Am., N.A., No. 3:14-cv-1236-J-32MCR, 2015 WL 12843226 (M.D. Fla. Sept. 16, 2015). In Pucci, the plaintiff conceded that the jury-trial waiver provision in the mortgage in issue was applicable to her breach of contract and breach of the covenant of good faith and fair dealing claims but not to her claims of libel and unwarranted debt collection because the latter do not "arise out of or . . . in any way relate[] to" the mortgage. Id. at *1-2 (internal quotation marks omitted). In response to this argument, the court focused on the "language of the [jury waiver] clause" in the mortgage and on the challenged conduct, which was the direct result of the alleged non-performance of contractual duties in the mortgage, as well as on the reality that the mortgage was the "sole source of the relationship" between the parties. Id. at *2 (internal quotation marks omitted). Based on these considerations, Pucci holds that both the libel and unfair debt collection claims were within the scope of the jury-trial waiver and the motion to strike the jury demand was granted. Id. at *2-3.

## IV.    Analysis

In this case, the only issue for the Court to decide is whether the jury-trial waiver provision in the Supplier Agreement extends to encompass UNFI's post-relationship alleged defamatory statements about Bru's sub-par performance and conduct under the Supplier Agreement. The Court finds that it clearly does. That is, the Court finds that the waiver is unambiguous in using broad language – "arising out of or related to [the Supplier Agreement] or the transactions contemplated hereby" – that plainly, clearly and unequivocally covers the defamation claim, which is grounded in UNFI's post-relationship derogatory statements

7

regarding Bru's performance of its contractual duties under the Supplier Agreement and Bru's conduct during the parties' contractual relationship. ECF No. 21-2 at 10 (capitals omitted). Thus, as in Pucci, the defamation alleged in the FAC is the "direct result" of UNFI's statements about the alleged "nonperformance . . . of [Bru's] contractual duties." 2015 WL 12843226, at *2 (internal quotation marks omitted). Also, as in Pucci, the Supplier Agreement is the "sole source of the relationship between" the parties. Id. Therefore, Bru has contractually waived its right to trial by jury not just of Counts I to VI, but also of Count VII, its defamation claim, and the jury demand applicable to Count VII must be stricken. See generally id. at *2-3.

In an attempt to save its jury demand, Bru relies on Barkan v. Dunkin' Donuts, Inc., 520 F. Supp. 2d 333 (D.R.I. 2007). However, Barkan is distinguishable not only because the contracts containing the jury waiver were troublingly adhesive store development agreements ("SDAs") but also (and primarily) because the agreement in issue in the case was a settlement agreement that did not contain the jury-trial waiver. Id. at 342-43. The waiver appeared only in the entirely different SDAs that had been executed at a different time and for a completely different purpose. Id. Accordingly, in Barkan, this Court declined "to import the jury waiver" from the adhesive SDAs into the settlement agreement. Id. at 343. Barkan contrasts starkly with this case, where there is a single agreement that is at the heart of both Bru's contractual and non-contractual claims.

Nor is Bru's attempt to recast Count VII as a claim alleging monopolization/anticompetitive conduct availing. Once the Court sweeps aside the conclusory and unsupported allegations pled on information and belief that Bru now argues support a "pattern and practice" to restrain competition, see ECF No. 25 at 2, what remains is a defamation claim based on UNFI's post-relationship statements to retailers about Bru's performance and conduct during the period when the Supplier Agreement was in effect. See Fluor Enterprises,

8

Inc., 2019 WL 1620755, at *5 (court rejects argument that "impetus for [statements alleged to be defamatory] w[as] wholly independent of either agreement" because statements related to, and arose from, contract performance and therefore were clearly within scope of jury waiver) (internal quotation marks omitted). As in Fluor, the Court finds that the jury-trial waiver in the Supplier Agreement encompasses Bru's defamation claim without regard to Bru's speculative allegations about UNFI's alleged purpose.

Before closing, the Court pauses briefly to address UNFI's alternative argument that Bru's litigation conduct in withdrawing the jury demand as to Counts I through VI and agreeing to the scheduling of a bench trial impliedly waived its right to a jury trial on Count VII. Mindful of the Supreme Court's holding that courts should not imply waiver of such a fundamental right as civil trial by jury from nothing more than litigation conduct, I do not agree. See Aetna Ins. Co., 301 U.S. at 393-94. The Court does not find waiver of the right to trial by jury based on Bru's litigation conduct.

## V.    Conclusion

Based on the foregoing, UNFI's motion to strike Bru's demand for a jury trial on Count VII (defamation) (ECF No. 24) is hereby granted.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
April 14, 2026

9